# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GEORGE KEVIN SAUNDERS** | ) | |
| Petitioner, | ) | |
| | ) | Criminal Case No. RWT-05-0103 |
| v. | ) | Civil Case No. RWT-07-0901 |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner George Saunders's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Paper No. 24). For the reasons that follow, the Court will deny the motion.

### I.

On March 7, 2005, a federal grand jury returned an Indictment against George Kevin Saunders ("Saunders"), charging him with one count each of (1) attempted bank robbery and (2) bank robbery, each in violation of 18 U.S.C. § 2113(a) and (f).[1] On January 30, 2006, Saunders pleaded guilty to Count Two of the Indictment for bank robbery.[2]

In the plea agreement, the parties agreed, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that a prison sentence of one hundred and fifty-one months was appropriate. The parties also agreed that the Court could impose a sentence of supervised release between three and five years. On

---

[1] The parties stipulated to the following facts in the plea agreement signed by Petitioner. On September 14, 2004, Saunders entered the M&T Bank in Potomac, Maryland, and presented the teller with a threatening note. Saunders threatened to shoot the teller if he did not turn over money. The teller hit the alarm, causing Saunders to flee the bank without taking any proceeds. Approximately twenty-three minutes after he attempted to rob the M&T bank, Saunders entered a Chevy Chase Bank in Bethesda, Maryland. Saunders passed a note to the teller demanding money and providing that, if the teller turned over the money, nobody would get hurt. Saunders received $12,700.00 from the teller and fled. Both banks were insured by the Federal Deposit and Insurance Corporation at the time.

[2] As a part of the plea agreement, the United States dismissed Count One.

-1-

April 5, 2006, this Court accepted the parties' plea agreement and imposed a sentence of one hundred and fifty-one months imprisonment, three years of supervised release, restitution in the amount of $12,700, and a special assessment of $100.

As part of his plea agreement, Saunders waived his right to appeal under 18 U.S.C. § 3742, and he did not file a direct appeal regarding his conviction or sentence. On April 5, 2007, Saunders filed the instant motion. On July 10, 2007, the Government filed its response. After the Court denied Saunders's request for an extension of time in which to file a reply, Saunders filed a late reply memorandum on September 20, 2007.

The 28 U.S.C. § 2255 motion challenges Saunders's sentence on the following grounds: (1) ineffective assistance of counsel for allowing Saunders to sign a plea agreement that involved supervised release, a punishment he claims was not prescribed by Congress; (2) ineffective assistance of counsel for subjecting Saunders to Double Jeopardy because the plea sentenced him to a term of imprisonment and a term of supervised release; (3) sentence is unconstitutional because Saunders claims the "Bank Robbery Statute," 18 U.S.C. § 2113(a) and (f) was never passed by Congress; and (4) sentence is unconstitutional because it was based on an impermissible Bill of Pains and Penalties or a Bill of Attainder.

## II.

The Court strikes Saunders's late reply and denies the motion to vacate, set aside, or correct sentence for the following reasons.

### A. Counsel Exercised Reasonable Professional Judgment

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-part test to evaluate claims of ineffective assistance of counsel. Under this test, the defendant must show that (1) counsel's performance was deficient, i.e., that counsel made errors

that were so serious that the counsel was not acting as the "counsel" guaranteed by the Sixth Amendment; and (2) that the errors made by counsel prejudiced the defense. *Strickland*, 466 U.S. at 687. This test was later held to apply to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In order to prove ineffective assistance of counsel, Saunders must show that his attorney's representation "fell below an objective standard of reasonableness," identifying specific acts or omissions. *Strickland*, 466 U.S. at 687-88, 690. The defendant must overcome the Court's strong presumption that the attorney's conduct fell within the "wide range of reasonable professional assistance." *Id.* at 689. Additionally, in evaluating the effectiveness of counsel during a guilty plea, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath in a plea colloquy." *Fields v. Attorney General of Maryland,* 956 F.2d 1290, 1299 (4th Cir. 1992).

As a preliminary matter, the Court notes that Saunders stated unequivocally at his rearraignment that he was satisfied with the services of his attorney in this case. (Transcr. Rearraignment Hr'g at 6:14–16). Nevertheless, the Court will address the two instances of alleged ineffective assistance cited by Saunders.

*(i) Congressional Authorization to Impose Sentence of Supervised Release*

First, Saunders claims that his counsel instructed him to take a plea that involved a punishment not prescribed by Congress, the sentencing to three years supervised release. This claim is without merit because Congress explicitly authorized federal district courts to impose supervised release in addition to terms of imprisonment in 18 U.S.C § 3583 as "part of a sentence." When Congress enacted this supervised release statute it sought "to replace a parole system in which the length of post-incarceration supervision was dependent upon the length of

the original prison term with a supervised release system in which the length of such supervision is dependent solely upon the defendant's need for supervision after release from jail." *United States v. Montenegro-Rojo*, 908 F.2d 425, 432 (9th Cir. 1990). Simply put, Congress authorized courts to add a period of supervised release on any term of imprisonment, even a term of imprisonment already at the maximum. *United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995).

### *(ii) Double Jeopardy*

Second, Saunders claims that his counsel subjected him to double jeopardy because the plea included a sentence of supervised release in addition to a term of imprisonment. Saunders is essentially alleging that he is being subjected to two separate punishments for the same offense. The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

The deficiency in this argument is that Congress, as already reviewed, has authorized supervised release as "part of a sentence." *See* §3583(a). In *United States v. Woodrup*, the Fourth Circuit acknowledged the authority of the courts to impose a supervised release and recognized that "the term of supervised release is an authorized part of the original sentence for commission of the felony." 86 F.3d 359, 361 (4th Cir. 1996). Double jeopardy is simply not an issue when the legislature has authorized the imposition of multiple punishments for the same crime. *United States v. Luskin*, 926 F.2d 372, 377 (4th Cir. 1991).

This Court explained precisely this during Saunders's rearraignment hearing when it told him that the "penalty for his offense is twenty years imprisonment, followed by a term of supervised release of not more than five years..." (Transcr. at 9:6–21). "Effectively, the

maximum sentence, instead of twenty years, is twenty-five years, if you consider a potential five-year supervised release violation." *Id.*

In sum, then, the errors Saunders complains that his attorney made were not in fact errors at all. As such, his argument for ineffective assistance of counsel is of no avail to him for the present motion. Saunders's counsel was well within the exercise of reasonable professional judgment to advise him to accept a plea agreement that included a sentence of supervised release.[3]

### B. 18 U.S.C. 2113 (a) and (f) is a Valid Statute Passed by Congress.

Saunders' assertion that the "United States Congress never ratified or made lawful" the bank robbery statute is without merit. (Mot. To Vacate at 8). The bank robbery statute, 18 U.S.C. § 2113, is a valid law enacted by Congress on June 25, 1948, and was in effect when Saunders robbed the bank involved in this case. *See* 18 U.S.C. § 2113. Although the statute was amended several times, section 2113 remains valid law recognized and applied by the Fourth Circuit. *See United States v. McNeill*, 484 F.3d 301 (4th Cir. 2007).

### C. Petitioner Was Not Sentenced Under an Impermissible Bill of Attainder.

Saunders claims his sentence of supervised release was separate from his sentence for imprisonment and, therefore, that he suffered a Bill of Attainder. "A legislative act is an unconstitutional bill of attainder if it singles out an individual or narrow class of persons for punishment without a judicial proceeding." *Lynn v. West*, 134 F.3d 582, 594 n.11 (4th Cir. 1998). In *United States v. Alamillo*, the court held that there was no impermissible bill of attainder because petitioner was not singled out by the legislature for an imposition of supervised

---

[3] Moreover, even if there was some question as to these issues, Saunders does not allege any prejudice as a result of his counsel's advice to accept the guilty plea.

release and he is not a member of any class that has been discriminated against. 754 F.Supp. 827, 829 (D. Colo. 1990).

Section 2113 does not single out Saunders or a class of persons for punishment. Furthermore, Saunders had a right to trial, which he waived as part of his plea agreement. The argument could be made that § 3583, which authorizes courts to impose a period of supervised release, singles out an identifiable group of persons with felony convictions for punishment. However, the court in *Alamillo* clarified that convicted felons is not a suspect classification within the Equal Protection analysis. *Id.* This Court agrees and concludes that Saunders was not subjected to an impermissible Bill of Attainder.

### III.

For the foregoing reasons, Saunders' Motion to Vacate, Set Aside, or Correct Sentence will be denied. The Court will strike from the record Saunders's late reply memorandum.

Date: August 25, 2008                             /s/
                                         ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE